■ In the Matter of the Claim of JOHN A. TARQUINIO, Respondent, against DUVERNOY BAKERIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. In the course of claimant's work as a baker's helper for the employer, he was engaged in packing cinnamon buns. On January 26, 1954 he was required to cease work because of swelling and irritation of his hands. Medical opinions based on examinations at or shortly after this time were filed with the board to the effect claimant had a contact dermatitis arising out of his employment as a baker. One factor contributing to this was sensitivity to cinnamon, which was demonstrated by medical tests. Awards on total and partial disability due to occupational disease from January 27 to June 26, 1954 were made and paid by appellant without objection. The case was closed as of the latter date. The claimant was advised not to work as a baker, and although he later worked for six days in another bakery putting loaves in an oven without ill effect, it is not shown he was there exposed to cinnamon. He worked at various jobs, including work as a caddy. On December 13, 1954 claimant's physician filed a medical report with the board on an application to reopen the claim. He expressed the opinion there had been a "flare up" of claimant's subsided contact dermatitis. The dermatologist who filed this report was of the opinion that the original contact dermatitis had sensitized the claimant against many influences including climatic, and that the work as a baker had "elicited" this polysensitivity. Thus claimant's outbreak in December, 1954, in the opinion of the dermatologist, seems to have been immediately related to his exposure to open air and climatic influences working as a caddy, but to have been attributable in part to the previous contact dermatitis. Another physician, an allergist, could obtain no cinnamon reaction when testing claimant and felt he not only had no contact dermatitis at the times he was seen in March, 1954 and in April, 1955, but that he had not had contact dermatitis at any time. There is, however, other medical proof that claimant suffered contact dermatitis at the time of his disablement in January, 1954, on diagnosis based on observation of claimant's condition in acute state, in addition to that of the dermatologist, and in our view of the record the medical question is one of fact. We decline to review the discretion of the board not to seek the aid of an impartial medical specialist. Further award of temporary partial disability affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.